IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JULIAN KENNETH HARDIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 115-023 |
| ) | (Formerly CR 111-365) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On December 7, 2011, the grand jury in the Southern District of Georgia indicted Petitioner on one count of manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1), one count of possession of firearms and ammunition in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), one count of possession of firearms by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) & 924, and a forfeiture allegation. United States v. Hardin, CR 111-365, doc. no. 1 (S.D. Ga. Dec. 7, 2011) (hereinafter "CR 111-365"). Represented by

retained counsel, on July 31, 2012, Petitioner pled guilty before United States District Judge J. Randal Hall to one count of manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(3); he also agreed to forfeit firearms, ammunition, and currency delineated in the forfeiture allegation. Id., doc. nos. 59, 60. The maximum statutory penalties of imprisonment faced by Petitioner were not more than five years on the manufacturing charge and not more than ten years on the firearms charge. Id., doc. no. 2. Petitioner's written plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Id., doc. no. 60, p. 5.

At sentencing, after confirming that neither Petitioner nor the government had any objections to the Presentence Investigation Report ("PSI"), Judge Hall set Petitioner's Total Offense Level at twenty-nine and Criminal History Category at III, which resulted in an advisory Sentencing Guidelines range of 108 to 135 months of imprisonment, two to three years of supervised release, a $15,000 to $150,000 fine, and a $200 special assessment. Id., doc. no. 73, pp. 4-5; see also PSI ¶¶ 38, 45, 69, 73, 79. The final judgment entered on December 10, 2012, memorializes that Judge Hall sentenced Petitioner at the bottom of the guidelines range and below the statutory maximum to a total 108-month term of imprisonment, three years of supervised release, a fine of $15,000, and a $200 special assessment. CR 111-365, doc. no. 69.

Petitioner did not file a direct appeal in his case, but the Clerk of Court filed Petitioner's first § 2255 motion in this Court on May 2, 2013. See Hardin v. United States, CV 113-067, doc. no. 1 (S.D. Ga. May 2, 2013) ("CV 113-067"). Petitioner raised four grounds for relief: three claims of ineffective assistance of counsel and one claim that his guilty plea was not knowing and voluntary. Respondent moved to dismiss the motion based on the assertion that the guilty plea was knowing and voluntary, thus barring Petitioner's claims by virtue of the valid collateral attack waiver. CV 113-067, doc. no. 3. Judge Hall determined that because Petitioner's guilty plea was knowingly and voluntarily entered and the collateral attack waiver was valid, Petitioner was not entitled to relief under § 2255. Id., doc. nos. 7, 10. However, Judge Hall issued a limited Certificate of Appealability as to "whether Petitioner's collateral attack waiver bars his § 2255 claim that his trial counsel provided ineffective assistance of counsel by failing to file a direct appeal after Petitioner requested he do so." Id., doc. no. 10, p. 5. The Eleventh Circuit dismissed the appeal based on Petitioner's failure to prosecute. Id., doc. nos. 15, 17.

Petitioner has now ostensibly filed another § 2255 motion to vacate, set aside, or correct his sentence, which he signed on February 4, 2015, and the Clerk of Court docketed on February 9, 2015. (Doc. no. 1.) Petitioner argues that a retroactive change to the Sentencing Guidelines on November 1, 2014 is a "new fact" that allows him to bring a second collateral attack. Petitioner also suggests that proposed policy changes regarding how the Department of Justice will prosecute state-legalized medical marijuana use means that he should now be allowed to challenge his conviction for manufacturing marijuana, which he asserts was used for medical purposes. (Id. at 7-8.)

Petitioner also argues that he is not required to seek authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2255 and 2244(b) because the change to the Sentencing Guidelines occurred after he filed his first § 2255 motion and thus his current sentencing claim was not previously available to him. (Id. at 6-7.)

## II. DISCUSSION

### A. Petitioner's Request for Resentencing Under Amendment 782 Seeks Relief Under 18 U.S.C. § 3582, not 28 U.S.C. § 2255.

Petitioner titles his filing "Motion Under Title 28 U.S.C. § 2255(f)(4)." (Id. at 1.) Examination of the substance of Petitioner's filing, however, shows that he primarily argues for a sentence reduction based on a retroactive change to the Sentencing Guidelines found in Amendment 782. This Amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce by two levels the offense level applicable to many drug trafficking offenses. The change is to be applied retroactively, with November 1, 2014 as the effective date for changing the Drug Quantity Table but November 1, 2015 set as the effective date for orders reducing prison terms based on the Amendment. United States v. Peak, 579 F. App'x 888, 891-92 & n.1 (11th Cir. 2014); United States v. McCarthy, No. 8:09-cr-395, 2014 WL 4211306, at *1-2 (M.D. Fla. Aug. 26, 2014).

The label placed on the motion by Petitioner does not prevent the Court from considering the filing for what the substance shows it to be, namely a request for relief pursuant to 18 U.S.C. § 3582. Indeed, the Eleventh Circuit has endorsed the practice of looking beyond the title of a document in order to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (looking past "artfully" labeled filing to

apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

In general, a judgment of conviction is final once direct appellate review has concluded, and at that point, a sentencing court can only revisit it in limited circumstances. Dillon v. United States, 560 U.S. 817, 824 (2010).

> Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). In such cases, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. at 824-25 (citing § 3582(c)(2)). Pursuant to this statutory authority, the Sentencing Commission promulgated Amendment 782 and "revised the Drug Quantity Table and chemical quantity tables across drug and chemical types." McCarthy, 2014 WL 4211306 at *2. As noted above, the two-level reduction became effective November 1, 2014.

Petitioner now seeks to obtain the benefit of this retroactively applicable change to the Drug Quantity Table in U.S.S.G. § 2D1.1. However, the proper way to request that reduction is not via § 2255, but rather via a motion in his criminal case under 18 U.S.C. § 3582(c)(2) for modification of his sentence on the basis of Amendment 782. See Dillon, 560 U.S. at 824-26; McCarthy, 2014 WL 4211306 at *2; see also United States v. Rhone, No. 09-20133-07, 2015 WL 471205, at *7 (D. Kan. Feb. 4, 2015) (dismissing without prejudice claim for Amendment 782 reduction raised in § 2255 motion because "request is more appropriately made by separate

5

motion under Section 3582"); Penaloza v. United States, No. 12 C 8728, 2015 WL 230402, at *7 (N.D. Ill. Jan. 16, 2015) (declining to issue ruling on request for Amendment 782 reduction in course of § 2255 proceedings because request for "two-point reduction will be ruled on in the criminal case").

Because the proper avenue to request the relief Petitioner seeks is § 3582, not § 2255, the Court need not consider Petitioner's arguments regarding the timeliness of his request or whether he must seek permission from the Eleventh Circuit Court of Appeals to make his request in a second or successive § 2255 motion. The proper course of action is to dismiss his request without prejudice.

### B. To The Extent Petitioner May Also Be Attempting to Challenge His Marijuana Manufacturing Conviction, That Claim Is Not Properly Before the Court.

Although Petitioner's remaining challenge to his marijuana manufacturing conviction, based on a change in Department of Justice prosecution policies, is not entirely clear and is stated only in his conclusion, (doc. no. 1, pp. 7-8), the Court cannot consider any such claim. Even if the Court were to improperly disregard that Judge Hall has already determined in the first § 2255 proceedings that Petitioner's guilty plea was knowingly and voluntarily entered, and thus, there is a valid collateral attack waiver in place for this case, the claim cannot be considered because of of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

6

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal

7

prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222).

Here, Petitioner has previously filed a § 2255 motion that was dismissed as barred by a collateral attack waiver. See CV 113-067, doc. nos. 7, 10.[1] As no intervening factual defect has come into existence and caused the marijuana claim to ripen in the time between Petitioner's first motion and the instant motion, see Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014), to the extent Petitioner may be trying to challenge his marijuana manufacturing conviction, such a request is properly classified as "second or successive" in the sense contemplated by § 2255. Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider the marijuana issue raised in Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

## III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** that Petitioner's request to be resentenced pursuant to the changes to the Drug Quantity Table in U.S.S.G. § 2D1.1 be dismissed without prejudice. The Court also **REPORTS** and **RECOMMENDS** that Petitioner's challenge to his marijuana manufacturing conviction under § 2255 be dismissed on the basis that

---

[1] A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

8

it is successive and the Eleventh Circuit Court of Appeals has not authorized consideration of any such claim.

SO REPORTED and RECOMMENDED this 3rd day of March, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA